UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
THOMAS McCLEAN,

                    Plaintiff,

    - against -

P.O. CHRISTOPHER TOAL, Tax Registration
No. 941158, P.O. JAMES WASHINGTON, Tax
Registration No. 937712, P.O. DOMINICK
LAGOMARSINE, Tax Registration No. 943457,
P.O. MATTHEW REHMAN, Tax Registration
No. 941697, P.O. "JANE DOE", P.O. "JOHN
DOES" 1-9, TWO UNKNOWN MEMBERS OF THE
EMERGENCY SERVICE UNIT and THE CITY OF
NEW YORK,

                    Defendants.
----------------------------------------------------------------X

SUMMONS ISSUED

COMPLAINT AND JURY TRIAL DEMAND

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ FEB 22 2012 ★
BROOKLYN OFFICE

WEINSTEIN, J.

GO, M.J.

Plaintiff, THOMAS McCLEAN, by his attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

**JURISDICTION**

1. This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

3. Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

4. Plaintiff, invoking the pendent jurisdiction of this Court, also seeks compensatory and punitive damages for false arrest and battery.

## VENUE

5. Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

7. At all times relevant hereto, plaintiff, THOMAS McCLEAN, was and is a natural person, resident in the County of Queens, City and State of New York.

8. At all times relevant hereto, defendant P.O. CHRISTOPHER TOAL, Tax Registration No. 941158 (hereinafter "TOAL") was and is a natural person, employed as a police officer by defendant CITY OF NEW YORK.

9. At all times relevant hereto, defendant P.O. JAMES WASHINGTON, Tax Registration No. 937712 (hereinafter "WASHINGTON") was and is a natural person, employed as a police officer by defendant CITY OF NEW YORK.

10. At all times relevant hereto, defendant P.O. DOMINICK LAGOMARSINE, Tax Registration No. 943457 (hereinafter "LAGOMARSINE") was and is a natural person employed as a police officer by defendant CITY OF NEW YORK.

11. At all times relevant hereto, defendant P.O. MATTHEW REHMAN, Tax Registration No. 941697 (hereinafter "REHMAN") was and is a natural person employed as a police officer by defendant CITY OF NEW YORK.

12.     At all times relevant hereto, defendant P.O. "JANE DOE" (hereinafter "JANE DOE") was and is a natural person employed as a police officer by defendant CITY OF NEW YORK.

13.     At all times relevant hereto, defendants P.O. "JOHN DOES" 1-9 were and are natural persons employed by the Police Department of defendant CITY OF NEW YORK.

14.     At all times relevant hereto, defendants TWO UNKNOWN MEMBERS OF THE EMERGENCY SERVICE UNIT were and are natural persons employed by the Emergency Service Unit of the Police Department of defendant CITY OF NEW YORK.

15.     At all times relevant hereto, defendant CITY OF NEW YORK (hereinafter "CITY") was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

16.     On or about February 18, 2011, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiff served upon the Comptroller of the City of New York a verified written notice of claim setting forth the time, place, nature and manner in which said claim arose.

17.     More than thirty (30) days have elapsed since the aforesaid verified notice of claim was served and the Comptroller has neglected and refused to make payment of said claim.

18.     This action is commenced within one year and ninety days from the date the pendent claims herein accrued.

19.     The individual defendants hereto are sued in their individual capacities.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST THE INDIVIDUAL DEFENDANTS
### (42 U.S.C. §1983)

20. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "19" hereinabove as if more fully set forth at length herein.

21. On or about November 25, 2010, which was Thanksgiving Day, between approximately 3:00 P.M. and 4:00 P.M., the plaintiff directed his sister, named, upon information and belief, Sade Bell, to leave his home, following an argument.

22. Plaintiff's aforementioned home is a one-family dwelling located at 107-12 Wren Place, Jamaica, County of Queens, City and State of New York (hereinafter "subject premises").

23. Plaintiff's sister stood outside the subject premises and telephoned 911 on her cell phone.

24. Two New York City Police officers responded to the subject premises.

25. Standing outside the subject premises, plaintiff and his wife spoke to the two officers.

26. Plaintiff's wife went back into the subject premises and retrieved plaintiff's sister's and niece's clothing and gave it to plaintiff's sister.

27. Plaintiff's sister left the subject premises.

28. Plaintiff and his wife went back into their home.

29. Plaintiff now began to receive insulting text messages on his cell phone from his sister.

30. Plaintiff told his wife to call his sister and tell her to cease sending the insulting text messages.

31. In response, plaintiff's sister texted plaintiff again and told him that she has called 911 to report that plaintiff was assaulting his wife.

32. Four New York City police officers arrived at plaintiff's home.

33. The officers who arrived were defendants WASHINGTON, LAGOMARSINE, JOHN DOE 1 and JANE DOE.

34. Plaintiff's wife went to the front of the subject premises.

35. Plaintiff's wife stood between the door to the house and storm door while plaintiff's sister stood on the sidewalk behind the aforementioned police officers.

36. Plaintiff's wife informed the aforementioned police officers that plaintiff had not assaulted her.

37. Plaintiff went to the front door of the subject premises, told his wife to come inside (after he and his sister engaged in further shouting with each other) and informed the officers that they were welcome to come into the subject premises.

38. Plaintiff turned around to go inside his home.

39. As plaintiff walked back into his home, defendant LAGOMARSINE accused him of having slammed the front door of the subject premises in his face.

40. Plaintiff replied, "No I didn't. I just welcomed you into my house."

41. Defendant LAGOMARSINE, using his forearm, pushed plaintiff into his house and against a wall.

42. Defendants WASHINGTON, JOHN DOE 1 and JANE DOE now also entered the subject premises, pinned plaintiff against the wall, punched him in the face,

forced him onto the floor, choked him, banged his head onto the floor, and handcuffed him.

43.  Plaintiff's wife asked defendant JANE DOE why the officers were treating plaintiff in such a manner. Defendant JANE DOE responded to her, "Shut your fucking mouth, you stupid bitch."

44.  Plaintiff was removed from the subject premises, placed into a New York City Police Department motor vehicle and driven to the stationhouse of the 103rd Precinct.

45.  While being driven to the precinct, plaintiff informed the defendants who were transporting him that he was a diabetic, that his sugar level was high, and that he needed water.

46.  Once he was taken into the stationhouse of the 103rd Precinct, plaintiff asked the desk sergeant for water.

47.  Plaintiff was not given any water.

48.  Plaintiff was placed in a cell.

49.  Plaintiff asked for water.

50.  Plaintiff was not given any water.

51.  Instead, a police officer, upon information and belief defendant REHMAN, opened the door to plaintiff's cell, ran in and bashed plaintiff's head into a wall, using his forearm.

52.  The aforementioned police officer then screamed out, "85!" whereupon the individual defendants JOHN DOES 2-9 rushed into the cell and threw plaintiff to the floor, punching and kicking him.

53.  Plaintiff was re-handcuffed by one of the defendants who had come into his cell.

54.  Defendants TWO UNKNOWN MEMBERS OF THE EMERGENCY SERVICE UNIT arrived at the stationhouse and entered the cell in which plaintiff was being held.

55.  Defendants TWO UNKNOWN MEMBERS OF THE EMERGENCY SERVICE UNIT, although plaintiff was already handcuffed, forced him onto the floor and into a restraint bag.

56.  Ambulance personnel arrived at the precinct and transported plaintiff to Jamaica Hospital, while he was still in the restraint bag.

57.  Plaintiff remained at Jamaica Hospital until Saturday, November 27, 2010, where he received treatment for dehydration, a blood glucose level in excess of 600 and the injuries he had received at the hands of the defendants.

58.  Plaintiff was arraigned in Criminal Court of the City of New York, Queens County, on the complaint of defendant TOAL, which complaint charged him with two counts of assault in the second degree, a D felony; two counts of obstructing governmental administration in the second degree, an A misdemeanor; resisting arrest, an A misdemeanor; attempted assault in the third degree, an A misdemeanor; menacing in the third degree, a B misdemeanor; and harassment in the second degree, a violation.

59.  Because he was not immediately able to make bail, plaintiff was transported to the Vernon C. Bain Correctional Center in the Bronx, where he was held for approximately three hours.

60. On or about June 6, 2011, plaintiff was indicted by a Queens County Grand Jury.

61. The individual defendants violated plaintiff's right not to be subjected to excessive force nor to be arrested without probable cause therefor, guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States, in that, acting under color of state law, the individual defendants, without any cause or provocation whatsoever, deprived him of his liberty, physically assaulted him and denied him treatment for symptoms of his chronic illness.

62. Because of the aforementioned acts committed by the individual defendants, the plaintiff suffered a violation of his rights not to be subjected to excessive force nor to be arrested without probable cause therefor, guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States, and, as a result, suffered a loss of his liberty; was rendered sick, sore, lame and disabled; incurred expenses for medical treatment; lost time and income from his employment; and has incurred expenses for legal services.

63. By reason of the unconstitutional and illegal actions taken against him by the individual defendants, the plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANTS WASHINGTON, LAGOMARSINE
## JOHN DOE 1, JANE DOE AND THE CITY OF NEW YORK
### (Battery)

64. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "63" hereinabove as if more fully set forth at length herein.

65. On or about November 25, 2010, between approximately 3:00 and 4:00 P.M., at the premises 107-12 Wren Place, Jamaica, New York, the defendants WASHINGTON, LAGOMARSINE, JOHN DOE 1 and JANE DOE offensively touched plaintiff by pushing and pinning him against a wall, punching him in the face, forcing him onto the floor, choking him, banging his head on the floor and handcuffing him.

66. The aforementioned force used by defendants WASHINGTON, LAGOMARSINE, JOHN DOE 1 and JANE DOE was not reasonable under the circumstances.

67. At the aforementioned time and place, defendants WASHINGTON, LAGOMARSINE, JOHN DOE 1 and JANE DOE were acting within the scope of their employment by defendant CITY OF NEW YORK.

68. By reason of the aforementioned battery committed against him by defendants WASHINGTON, LAGOMARSINE, JOHN DOE 1 and JANE DOE, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff suffered and continues to suffer serious and permanent physical injuries, lost time and income from his employment and incurred medical expenses.

69. As a result of the battery committed against him by defendants WASHINGTON, LAGOMARSINE, JOHN DOE 1 and JANE DOE, while they were acting

within the scope of their employment by defendant CITY OF NEW YORK, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages.

### AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST DEFENDANTS REHMAN, JOHN DOES 2-9, TWO UNKNOWN MEMBERS OF THE EMERGENCY SERVICE UNIT AND THE CITY OF NEW YORK
### (Battery)

70. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "69" hereinabove as if more fully set forth at length herein.

71. On or about November 25, 2010, in a holding cell located in the stationhouse of the 103rd Precinct, in Jamaica, County of Queens, City and State of New York, defendant REHMAN bashed plaintiff's head into a wall and then, with the cooperation of defendants JOHN DOES 2-9, threw plaintiff to the floor and punched, kicked and handcuffed him.

72. Soon thereafter, defendants UNKNOWN MEMBERS OF THE EMERGENCY SERVICE UNIT entered the aforementioned holding cell, threw plaintiff back onto the floor of the cell, struck him and forced him into a restraint bag.

73. The aforesaid force used by defendants REHMAN, JOHN DOES 2-9 and TWO UNKNOWN MEMBERS OF THE EMERGENCY SERVICE UNIT was not reasonable under the circumstances.

74. At the aforementioned time and place, defendants REHMAN, JOHN DOES 2-9 and TWO UNKNOWN MEMBERS OF THE EMERGENCY SERVICE UNIT were acting within the scope of their employment by defendant CITY OF NEW YORK.

75. By reason of the aforementioned battery committed against him by defendants REHMAN, JOHN DOES 2-9 and TWO UNKNOWN MEMBERS OF THE EMERGENCY SERVICE UNIT, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff suffered and continues to suffer serious and permanent physical injuries, lost time and income from his employment and incurred medical expenses.

76. As a result of the battery committed upon him by defendants REHMAN, JOHN DOES 2-9 and TWO UNKNOWN MEMBERS OF THE EMERGENCY SERVICE UNIT, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS TOAL, WASHINGTON, LAGOMARSINE, JOHN DOE 1, JANE DOE AND THE CITY OF NEW YORK
**(False Arrest and False Imprisonment)**

77. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "76" hereinabove as if more fully set forth at length herein.

78. On or about November 25, 2010, between approximately 3:00 and 4:00 P.M., at the premises 107-12 Wren Place, Jamaica, New York, defendants WASHINGTON, LAGOMARSINE, JOHN DOE 1 and JANE DOE, without probable cause, forcibly, wrongfully and unlawfully arrested plaintiff and, against plaintiff's own free will, caused him to be incarcerated for two to three days.

79. Defendant TOAL falsely, maliciously, wrongfully, unlawfully and illegally accused plaintiff of having committed the crimes of assault in the second degree, attempted assault in the third degree, obstructing governmental administration in the second degree, resisting arrest and the violation of harassment in the second degree.

80. Plaintiff was falsely, maliciously, wrongfully, unlawfully and illegally kept in confinement at the stationhouse of the 103rd Precinct, Jamaica Hospital Center, Queens Central Booking and the Vernon C. Bain Correctional Center for between forty-eight and seventy-two hours and was falsely, maliciously, wrongfully, unlawfully and illegally deprived of medical care for a flair-up of the diabetes that he suffers from.

81. At the time they committed the aforementioned acts of false arrest and false imprisonment, defendants TOAL, WASHINGTON, LAGOMARSINE, JOHN DOE 1 and JANE DOE were acting within the scope of their employment by defendant CITY OF NEW YORK.

82. By reason of the false arrest and false imprisonment committed against plaintiff by defendants TOAL, WASHINGTON, LAGOMARSINE, JOHN DOE 1 and JANE DOE while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff suffered a loss of his liberty, lost time and income from his employment and incurred medical and legal expenses.

83. As a result of the false arrest and false imprisonment committed against him by defendants TOAL, WASHINGTON, LAGOMARSINE, JOHN DOE 1 and JANE DOE, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars

as punitive damages against defendant TOAL, WASHINGTON, LANGOMARSINE, JOHN DOE 1 and JANE DOE.

WHEREFORE, plaintiff, THOMAS McCLEAN, demands judgment against defendants, P.O. CHRISTOPHER TOAL, Tax Registration No. 941158, P.O. JAMES WASHINGTON, Tax Registration No. 937712, P.O. DOMINICK LAGOMARSINE, Tax Registration No. 943457, P.O. MATTHEW REHMAN, Tax Registration No. 941697, P.O. "JANE DOE", P.O. "JOHN DOES" 1-9, TWO UNKNOWN MEMBERS OF THE EMERGENCY SERVICE UNIT and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against all the individual defendants hereto;

SECOND CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants WASHINGTON, LAGOMARSINE, JOHN DOE 1 and JANE DOE;

THIRD CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants REHMAN, JOHN DOES 2-9 and TWO UNKNOWN MEMBERS OF THE EMERGENCY SERVICES UNIT; and

FOURTH CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants TOAL, WASHINGTON, LAGOMARSINE, JOHN DOE 1 and JANE DOE.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
February 15, 2012

*Alan D. Levine*

ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 302
Kew Gardens, New York 11415
(718) 793-6363
Our File No. 2183